WM. R. JONES et al. v. POLLARD R. REYNOLDS et als.

STATUTE OF LIMITATIONS. *Actions against personal representatives.* The general provisions of the Code applicable to the limitation of actions do not apply to actions by persons under disability, and construed with the statute specially providing for the limitation of actions against personal representatives, a person under the disability of infancy had only one year from the 1st of January, 1867, within which to sue, where the cause of action has accrued before that date.

Code cited: Secs. 2279, 2274, 2281, 2757.

FROM RUTHERFORD.

Appeal from Chancery Court. W. H. WILLIAMSON, J.

EWING & HANCOCK for complainants.

IVIE & MYERS and PALMER & RICHARDSON for respondents.

McFARLAND, J., delivered the opinion of the court.

The complainants are the distributees of their father, Daniel Johnson's estate, and also of the estate of their mother, Lucy Johnson. By this bill they seek a recovery against Pollard R. Reynolds, the administrator of both estates. From the decree in their favor Reynolds has not appealed. They also seek a decree against J. W. Harris, the personal representative of Nathan Chaffin, deceased. 1st, upon the ground that said Chaffin was the guardian of complainants, and in September, 1858, upon the settlement of Reynolds, as administrator of the estate of Daniel Johnson, with the Clerk of the County Court, there was a balance of upwards of $1,000 in his hands due complainants as distributees, and that said Chaffin, their guardian, failed to collect this sum, but accepted the note of Reynolds for the amount, with one White as surety. This note was, after Chaffin's death, by the representatives, turned over to his successor as guardian. Reynolds and White, having become insolvent, complainants claim that Chaffin's representative is liable to the amount. 2d. Chaffin was the surety of Reynolds upon his bond as administrator of the estate of Lucy Johnson, deceased, and complainants charge that Reynolds has failed to account to them for the sum due them as distributees of said last mentioned estate.

The personal representative of Chaffin, among other defences, relies upon the statute of two years in favor of personal representatives. White was qualified as representative of Chaffin's estate in November, 1858. The bill was filed the 9th of March, 1868. By an amended bill, and by the proof, the complainants show that they were minors when their cause of action accrued, the youngest of the four attaining her majority the 7th August, 1865.

The operation of the statute being suspended by constitutional amendment until the 1st of January, 1867, and the bill being filed 9th March, 1868, all other questions being out of the way, the complainants are in time, provided they had two years from the 1st of January, 1867, as argued by their counsel. On the contrary, they are too late provided they were only allowed one year, as argued by defendant's counsel and this is the question.

In the chapter of the Code devoted to the administration of estates, and in art. 13 of that chapter, devoted to the limitation of suits against personal representatives, we have sec. 2279, which requires resident creditors to make demand and bring suit within two years, and non-resident creditors within three years, or be forever barred. This section, construed with sec. 2274, has been held to allow two years and six months, and three years and six months, as the case may be. In the same article is sec. 2281, as follows: "Infants, persons of unsound mind, and married women may bring their several actions within one year after the removal of their respective disabilities, notwithstanding

the lapse of said periods of two and three years, so that such suit be brought within seven years after the death of the debtor," etc., etc.

It seems to us manifest, that under this section, infants who were such when the cause of action accrued, are only allowed one year after the disability is removed in cases where the bar would be otherwise complete. It is not seriously denied that such would be the effect of this section if standing alone; but. it is argued that there is another section, which gives a longer time, and as sec. 2281 does not say they shall not bring their action after one year, the longest time should be allowed. The other section referred to is 2757. This is under the head of general provisions, applicable to the limitation of actions, and provides, that "If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of twenty-one years, (2) of unsound mind, (3) a married women, (4) beyond the limits of the United States and the territories thereof, such person, or their representatives or privies, as the case may be, may commence an action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability."

If this statute applies, the complainant would have two years from the removal of their disability, and two years from the 1st of January, 1867. But we are of opinion that this general provision does not apply to actions against personal representatives, for

the simple reason that the limitation of such action is specially provided for in the article and section of the Code previously referred to. This view reconciles the two sections, and gives effect to both, otherwise they cannot be reconciled.

We hold, therefore, that complainants were, all other questions aside, only entitled to one year from the 1st January, 1867, within which to sue.

But it is argued for complainants that the defendants have not specially pleaded the statute now relied upon. They pleaded the statute of two years in favor of personal representatives. Under this we think the question whether this statute was a law, or whether the complainants were within the exceptions, was fairly presented. Upon the filing of the amended bill, in which the complainants allege that they were within the exceptions, it is not necessary for the defendants specially to plead or aver that they had not sued within one year after the removal of their disabilities. The complainants had notice of the statute relied upon, and this was all that was of any practical importance. This is conclusive of the case, without regard to other questions, as to which we express no opinion.

The decree of the Chancellor, dismissing the bill as to the personal representative of Chaffin, will be affirmed with costs.